**UNITED STATES of America**

**v.**

**Frank ZIGON, Defendant.**

**No. 88 CR. 0217 (JES).**

United States District Court,
S.D. New York.

Sept. 16, 1991.

Martin J. Siegel, New York City, for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Chad A. Vignola, Asst. U.S. Atty., of counsel), for defendant.

---

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Presently pending before the Court in the above-captioned action are defendant's applications for permission to enter the United States Bureau of Prison's Boot Camp Program and for a modification of his sentence. The Government opposes both of these applications. For the reasons that follow, both of the applications are denied.

## DISCUSSION

 The government first states that defendant is ineligible for the Boot Camp Program for two reasons: (1) an inmate must be serving a 12 to 30 month sentence, whereas defendant is serving a 55 month sentence; (2) an inmate must be 35 years of age or less, and defendant is 45. *See* Operations Memorandum at 3 (Annexed to Letter from AUSA Chad A. Vignola to Hon. John E. Sprizzo, dated July 15, 1991). By letter to this Court dated August 15, 1991, defendant alleges that there are inmates in the Boot Camp Program who have greater than 30 months remaining in their sentences and that there are inmates in the Program who are over 35 years of age. However, the Court has no jurisdiction to pass on the merits of petitioner's eligibility for the Boot Camp Program which is subject to the discretion of the Bureau of Prisons.

Defendant also requested that his sentence be modified to permit him to serve the remaining 46 months of his 55 month sentence at home under house arrest.[1] The only reason given for this request is to allow defendant to return home to help his family. However, as the government correctly argues, there is no authority for the modification of a prisoner's sentence under these circumstances. Rule 35(b) of the Federal Rules of Criminal Procedure provides that only upon motion by the government, the Court may, within one year after the imposition of a sentence, lower a sentence, and then only based upon a defendant's subsequent, substantial assistance in the investigation or prosecution of another person, which is not even alleged here. Fed.R.Crim.P. 35(b), *amended by* Sentencing Reform Act of 1984, Pub.L. 98–473, tit. II, ch. II, § 215(b), 98 Stat. 2015. Since the government represents that it has not made and does not intend to make such motion on that ground, this Court lacks jurisdiction to modify defendant's sentence.

## CONCLUSION

Accordingly, defendant's applications shall be and hereby are denied.

It is SO ORDERED.

---

1. Defendant is presently incarcerated in the Federal Institution in Morgantown, West Virginia.